IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:14-cv-01065 |
| GECESC ASSOCIATES LLC, | § § | |
| Defendant. | § | |

## ORDER AND MEMORANDUM OPINION

Before the Court is Defendant GECESP Associates, LLC's ("Defendant" or "GECESP") Motion to Dismiss the Title VII Complaint (" Pl.'s Compl.") filed by Plaintiff Chelsea L. Davis ("Davis") pursuant to Federal Rule of Civil Procedure 12(b)(6). Davis's Response (Dkt. No. 18) to Defendant's Motion did not address any of the issues presented by Defendant's Motion. For the reasons set forth below, the Defendant's Motion (Dkt. No. 13) is GRANTED and it is ORDERED that Davis's claims as set forth in her Complaint are DISMISSED WITH PREJUDICE.

## BACKGROUND

This is the eleventh action that Chelsea Davis has filed over the last 16 months relating to her brief employment with the law firm of McKool Smith. P.C. The current Defendant, GECESP, is a limited liability company associated with McKool Smith. Davis was never employed by GECESP nor did she ever have any kind of business relationship with GECESP. Despite this, Davis now alleges that GECESP violated her civil rights. *See* Pl. Compl. at ¶ 1, Dkt. No. 1.

Previously, Davis filed suit against McKool Smith in the 298th Judicial District Court of

Dallas County, Texas (the "State Court Judgment") asserting various claims arising out of her employment with McKool Smith. Dkt. No. 13-3. The State Court concluded that "Davis's abuse of the judicial system through the filing of groundless pleadings and motions for an improper purpose, and her bad faith and harassing actions and misconduct detailed by the evidence, threaten the integrity of the judicial system, and demonstrate her flagrant bad faith and callous disregard for court orders." Dkt. No. 13-3. As a result, her action was dismissed. *Id.*

Undeterred, Davis then filed two more lawsuits in the United States District Court for the Northern District of Texas, asserting the same violations of Title VII, FSLA, and § 1981. In the first action ("First Northern District Judgment"), United States District Judge Godbey dismissed Davis's claims, holding that the State Court Judgment was *res judicata*. Dkt. No. 13-7. In the second action ("Second Northern District Judgment"), Judge Godbey again dismissed Davis's claims (which this time were filed against GECESP and McKool Smith), and entered final judgment against Davis for a second time on *res judicata* grounds. Dkt. No. 13-11.

## AUTHORITY

*Res judicata*, or claim preclusion, prevents a party from litigating claims that either were or should have been litigated in a prior suit. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert denied*, 547 U.S. 1055 (2006). *Res judicata* is intended to, among other things, "bring an end to litigation, prevent vexatious litigation, … [and] promote judicial economy." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 445 (Tex. 2007).

Under both federal and Texas law, *res judicata* applies when the following elements are satisfied: (1) a prior final judgment on the merits has been entered by a court of competent jurisdiction; (2) the prior case involved the same parties or those in privity with them; and (3) the same claim or cause of action is involved in both cases. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935,

2

937 (federal); *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008) (state).

## ARGUMENT

Davis's claims against GECESP, before this Court, are barred by *res judicata*, for multiple reasons.

First, the Second Northern District Judgment expressly dismissed, with prejudice, Davis's Title VII, FLSA, and § 1981 claims against GECESP. These claims are the same claims pled in this action against the same defendant. *Ex.*, Pl.'s Compl. at ¶¶ 9–25. When a prior court enters a dismissal "with prejudice," this constitutes an adjudication on the merits for *res judicata* purposes. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993). Accordingly, Davis is precluded by the Second Northern District Judgment from re-litigating her claims against GECESP.

Second, Davis's claims are barred based on the State Court Judgment and the First Northern District Judgment. Davis clearly alleges that GECESP is in privity with McKool Smith by alleging, for example, that GECESP is liable for the conduct of McKool Smith. *See* Pl.'s Compl. at ¶ 3 ("GECES[P] Associates LLC is a common employer of Chelsea Davis and may be held liable independently or as an obligor for the conduct of McKool Smith P.C. and its partners, employees and shareholders.") Under either Texas or federal law, *res judicata* applies to the face of Davis's complaint, which shows that all three elements—namely, (1) a prior final judgment on the merits has been entered by a court of competent jurisdiction; (2) the prior case involved the same parties or those in privity with them; and (3) the same claim or cause of action is involved in both cases—are alleged by Davis. *Ellis*, 211 F.3d at 937 (federal); *Igal*, 250 S.W.3d at 86 (Tex. 2008) (state). Therefore, Davis is barred from bringing these claims by the State Court Judgment and the First Northern District Judgment, as well. *Id.*

Finally, Davis appears to assert a claim for wrongful injunction under 42 U.S.C. §§1981–83. *See* Pl.'s Compl. at ¶¶ 26–30. This claim is barred on the same grounds as noted above, but even assuming that it was not, Davis has failed to plead any factual matter sufficient to state such a claim for relief that is plausible on its face. *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009). Her asserted claims are simply unintelligible.

Davis, as a licensed and practicing attorney, should have been aware of the facts and law noted above. Accordingly, this Court holds her to a higher standard than it does a typical *pro se* plaintiff. Davis is forewarned—as she was in other federal courts in Texas—that if she continues to file frivolous pleadings in this District, she risks imposition of harsh sanctions up to and including sanctions under Rule 11 of the Federal Rules of Civil Procedure and being barred from filing future cases and notices of removal in the Eastern District of Texas. Fed. R. Civ. P. 11 (providing that the presentation to the court of a pleading, written motion, or other paper by a party constitutes a certification that, to the best of the person's knowledge, (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) the factual contentions have evidentiary support or will likely have such support upon further investigation). For the forgoing reasons, the Court ORDERS that Davis's claims are DISMISSED WITH PREJUDICE.

## CONCLUSION

Davis's claims are DISMISSED WITH PREJUDICE. In addition, any and all further relief requested by Davis in this action is DENIED, including Davis's request for a refund. (Dkt. No. 19).

**So ORDERED and SIGNED this 23rd day of January, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE